UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. AMELIA (NEAL) JERMANO,	No. 11-10739

        Plaintiff,	District Judge Avern Cohn

v.	Magistrate Judge R. Steven Whalen

TROY TAYLOR, ET AL.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a 150-page *pro se* civil complaint (including exhibits), naming 48 Defendants (some of whom have since been dismissed) in 25 counts. Plaintiff has filed a self-styled "emergency motion preliminary injunction and/or protective order and request for emergency hearing" [Doc. #4], stating that "[t]his motion is made under section 526 of the Code of Civil Procedure," and also citing Fed.R.Civ.P. 65, which refers to injunctive relief.

While the basis of Plaintiff's motion is less than clear (for example, I have no idea what section 526 of the Code of Civil Procedure is), I will construe it as a dispositive motion for injunctive relief, and as such, proceed, as I must, by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion [Doc. #4] be DENIED.

### I.  STANDARDS FOR GRANTING INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).  "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## II.   DISCUSSION

Plaintiff filed the original complaint on February 23, 2011 [Doc. #1], and an amended complaint on April 29, 2011 [Doc. #11]. Both are extremely lengthy, rambling, and difficult to follow. Nevertheless, the amended complaint (which now controls this action) contains allegations which appear to arise out of actions by various police officers and agencies, and a state criminal action.

The present motion for injunctive relief is as brief as the amended complaint is long, yet no less confusing. Indeed, it is unclear whether the relief he seeks in this motion has any relationship to the allegations in his complaint. Plaintiff seeks to restrain the Defendants, presumably, as follows:

(1) restraining the "commission" or the Oakland County Reimbursement Division from demanding some unspecified payment or reimbursement;

(2) restraining unnamed parties (but presumably all Defendants) from using the F.B.I. or any similar government agency from harassing her;

(3) "not to tamper with or retaliate against the Plaintiff in any form whatsoever;"

(4) "not to attempt to frame, entrap or set-up the Plaintiff in anyway whatsoever;"

(5) "not to cast the Plaintiff in a false light;"

(6) "not to use any illegal or unlawful surveillance against or on the Plaintiff."

The Plaintiff does not cite any legal authority, but does cite a website for "educate-yourself.org," which deals in conspiracy theories such as the Freemasons, the Illuminati and the Trilateral Commission undertaking secretive activities aimed at seeking control of the world.

One hardly knows where to begin. As to Oakland County's request for reimbursement of money, it is unclear what Plaintiff is talking about , but it appears that the County might be seeking reimbursement for appointed counsel in the criminal case. Apart from the fact that Plaintiff has not identified how this would violate any federally protected right, there is no basis to stay or otherwise interfere with any proceeding related to a State criminal prosecution, and this Court should abstain from doing so pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). To the extent that Plaintiff has even articulated a claim, it has no chance of success on the merits.

The Plaintiff apparently also wants this Court to issue a blanket order for local police agencies to not use their police powers to investigate her under any circumstances. Such relief, which would effectively immunize Plaintiff from criminal investigation or prosecution, would be unprecedented, and would certainly not serve the public interest.

Finally, Plaintiff asks the Court to restrain the Defendants from committing any illegal activity, such as attempting to "frame" her or using illegal surveillance. However, the police and other Defendants are already constrained from committing criminal activity by numerous constitutional and statutory provisions. For example, the Fourth, Fifth and Fourteenth Amendments. The Court has to presume that officers who are sworn to uphold and defend the law will do so. Certainly Plaintiff's motion is devoid of any facts that would suggest otherwise.

In short, the Plaintiff has no likelihood of success on the issues he raises in this motion and has not demonstrated how she will be irreparably harmed, and granting the relief he asks would be contrary to the public interest. Because Plaintiff has not sustained her substantial burden of demonstrating his entitlement to injunctive relief, his motion should be denied.

### III.   CONCLUSION

I therefore recommend that Plaintiff's motion [Doc. #4] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Date: August 19, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 19, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 19, 2011: **M Amelia (Neal) Jermano.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge R. Steven Whalen
                                                  (313) 234-5217