UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. AMELIA (NEAL) JERMANO,                    Case No. 11-10739

             Plaintiff,                    District Judge Avern Cohn

v.                                            Magistrate Judge R. Steven Whalen

TROY TAYLOR, ET AL.,

             Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendants City of Troy Police Department, Officer Scott LaMilza, Officer Edwin Julian, Officer Timothy Garcher and David Cannon's *Motion to Dismiss and for Summary Judgment* [Dock. #24] filed on May 27, 2011, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing these Defendants WITH PREJUDICE.

## I.  BACKGROUND

Plaintiff filed a *pro se* civil complaint on February 23, 2011, naming 48 Defendants in 25 counts, including members of the Oak Park and Troy, Michigan police departments. Her second amended complaint, filed April 29, 2011,  arises out of actions by various police officers and agencies, and a state criminal action.  She alleges violations of her constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, violations of various federal criminal statutes and a number of state law claims.  *Docket #11.*

Claims against the "Troy" Defendants are stated as follows.  Plaintiff alleges that on February 20, 2009 while driving through Troy, Michigan, Troy Police officers conducted a

-1-

"pretext" traffic stop on the purported basis that she had an "object" hanging from the rearview mirror of her car.  *Second Amended Complaint* at ¶105.  Upon being stopped, Plaintiff provided her driver's license, proof of insurance, and car registration to Defendant Troy Police Officer La Milza ("La Milza").  *Id.* at ¶92.  During the course of the stop a second and third patrol car arrived at the scene.  *Id.* at ¶91.  After several minutes, LaMilza returned to Plaintiff's car, informing her that she was under arrest for an outstanding warrant for violating an ex-parte PPO.  *Id.* at ¶95.  Officers then searched and impounded Plaintiff's car.  *Id.* at ¶96.

Plaintiff states that she was placed in a patrol car and taken for a 15-minute "joy ride" before arriving at the Troy Police station although the station was only a three-minute drive from the scene of the arrest.  *Id.* at ¶99.  Upon arriving at the police station, Plaintiff's requests to see the outstanding warrants "were met with homophobic mockery only."  *Id.* at ¶101.  She states that she was threatened with electrical shock treatment and told that she would be "stripped naked, handcuffed[] and sit on a chair with a dunce cap on" if she refused to cooperate.  *Id.* at ¶102.  Plaintiff states that the arrest report shows "homophobic prejudice" by describing her a "clean shaven."  *Id.* at ¶110.  She requests monetary damages against these Defendants.  *Id.* at pgs. 78-80

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 127 S.Ct. at 555 (internal citations and punctuation omitted); *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. ANALYSIS

Plaintiff's claims against these Defendants are subject to dismissal.

### A.  Claims Brought Under Title 18 of the United States Code

As noted by present Defendants, none of the statutes relied upon by Plaintiff in support of her claims of criminal misfeasance (18 U.S.C. §§ 4, 211, 242, 1512, 1001, 1505, 1506, 249) contain a private cause of action.  *Defendants' Brief* at 15; *Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997)**.**  Moreover, as a private citizen, Plaintiff "has no authority to  initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.,* 108 Fed.Appx. 307, 308-309, 2004 WL 1859348, *2 (6th Cir. 2004)(citing *Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986)).  As such, claims brought under Title 18 of the United States Code should be dismissed.

### B.  Defendant David Cannon

In alleging violations of 42 U.S.C.  §  1986, Plaintiff appears to claim that Defendant Cannon, a member of the City of Troy Civil Service Commission, bears supervisory responsibility for the actions of the Defendant Troy Police Officers.  *Second Amended Complaint,* Count VII, pg. 42.  "Section 1986 imposes liability on persons who have knowledge of wrongs prohibited by § 1985 but fail to prevent them." *Moore v. State of Tennessee,* 2005 WL 1668365, *4 (E.D.Tenn.2005)(citing *Sequin v. City of Sterling Heights,* 968 F.2d 584 (6th Cir.1992)).

The fact that Plaintiff does not challenge Defendants' assertion that Defendant Cannon has not supervised or otherwise control the actions of Troy Police officers defeats the section 1986 claim against him.  *Defendants' Brief* at 14.   The present claim is further defeated by the fact that Plaintiff has not sufficiently alleged that present Defendants engaged in a conspiracy in violation of 42 U.S.C. 1985(3).  "Without a violation of section 1985(3),

there can be no violation of section 1986." *Sequin,* at 590.

### C. Defendants LaMilza, Julian, and Garcher

Because Defendant LaMilza, Julian, and Garcher's alleged involvement in the February 20, 2009 traffic stop, arrest, and detainment do not state either a federal or state cause of action, claims against them are subject to dismissal.

#### 1. The Arrest

Plaintiff alleges that Defendant Troy Police officers LaMilza, Julian, and Garcher conducted a pretextual traffic stop. However, LaMilza's arrest report states that before ordering Plaintiff to pull over, he entered her license plate number into LEIN/SOS, revealing that an individual of Plaintiff's description had an outstanding warrant for aggravated stalking. *Docket #11-1,* pg. 47 of 50. The arrest report states further that before stopping Plaintiff, he advised the Troy Police dispatch of his location, learning that Defendants Garcher and Julian were in the area to assist with the arrest. *Id.*

Although Plaintiff contends that she was stopped for the implausible reason that she had a small object hanging from her rearview mirror, LaMilza's LEIN discovery and Plaintiff's match of the general description of the individual with the outstanding warrant constituted probable cause for the traffic stop and search of Plaintiff's car. *U.S. v. Ellison,* 462 F.3d 557, 563 (6th Cir. 2006). Plaintiff does not state how Defendant Garcher's impoundment of her car, made subject to a lawful arrest, amounts to either a state or federal claim. *Docket #11-1,* pg. 47 of 50. Although Plaintiff asserts that the arrest report's statement that she was "clean shaven" was an allusion to her sexual orientation, the "clean shaven" remark was made on a form requiring a description of the arrestee's facial hair and other identifying features. *Id.* at 49 of 50. Further, given that Plaintiff was stopped on a busy

four-lane highway, the immediate impoundment of her car was not unreasonable. *U.S. v. Duncan,* 763 F.2d 220, 224 (6th Cir. 1985). Plaintiff's claim that after being arrested, she was taken on a circuitous route to the nearby police station resulting in a 15-minute, rather than three-minute, ride does not state an actionable claim. *Second Amended Complaint* at ¶99. Because Plaintiff cannot show either a constitutional violation or that these Defendants were grossly negligent (much less that they committed intentional torts), they are entitled to both qualified immunity and governmental immunity under M.C.L. 691.1407(2). *Dunigan v. Noble,* 390 F.3d 486, 495 (6th Cir.2004).

### 2.  Threats Made While in Custody

Plaintiff's allegations that upon arriving to the Troy Police Station, she was threatened with either electrical shock treatment and various humiliations is of concern to this Court. *Id.* at ¶102. However, the question of whether these threats constituted either a constitutional or state claim is mooted by the fact that the Complaint does not state that any of the three officers involved in her arrest made these threats. Paragraph 102 of the second amended complaint states only that "police station officers" harassed her and threatened electrical shock treatment. Further, LaMilza's arrest report states that upon Plaintiff's arrival at the Troy Police station, she was transported to "Troy lockup where she was booked by *lockup personnel*" (emphasis added). *Docket #11-1,* pg. 47 of 50. Because Plaintiff has not alleged such actions by present police officers, claims regarding these threats are subject to dismissal.

### D.  Defendant Troy Police Department

Claims against the "Troy Police Department" are also dismissible. A municipal police department, which is simply an agency of the municipality, is not the proper party in interest

in a tort action; rather, the municipality itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 992, fn. 1 (6th Cir.1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D.Mich.1980)(holding that a police department "is merely a creature of the City, the real party in interest"); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994).

Construing the allegations as being made against the City of Troy, rather than its police department, does not rescue the claim. The fact that Plaintiff has not shown unconstitutional activity by any of the present Defendants forecloses municipal liability based on their actions. As to threats she received in the Troy lockup, Plaintiff has not alleged that the threats or harassment were the result of a policy or custom promulgated by the City of Troy or that the City acquiesced to such behavior. *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). *See also Johnson v. City of Detroit,* 944 F.Supp. 586, 598 (E.D.Mich.1996). Even assuming a violation of Plaintiff's constitutional rights, both the Supreme Court and the Sixth Circuit have held that a single incident cannot by itself support an inference of a customary practice sufficient to justify municipal liability under § 1983. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Dorsey v. City of Detroit,* 858 F.2d 338, 345 (6th Cir.1988). Moreover, assuming that Plaintiff received threats by police department personnel amounted to intentional torts, committed either within or outside the course of employment, the City would enjoy governmental immunity from these claims. *Payton v. Detroit,* 211 Mich. App 375, 393; 536 N.W. 2d. 233 (1995); *Alexander v. Riccinto,* 192 Mich.App. 65, 71-72, 481 N.W.2d 6, 9 (1991).

### E. Official Capacity Claims

Finally, Plaintiff's claims against these present Defendants in their *official* capacities, *i.e,* in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment.[1] *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

## IV.   CONCLUSION

For these reasons, I recommend that the motion be GRANTED, dismissing present Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).   Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D.

---

[1]

While "[Eleventh Amendment] immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law," *Ernst v. Rising,* 427 F.3d 351, 358-359 (6th Cir.2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908), the Second Amended Complaint contains no discernable request for injunctive relief against these individuals.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE
Date:  February 27, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 27, 2012.

M Amelia (Neal) Jermano                         s/Johnetta M. Curry-Williams
PO Box 58                                       Case Manager
Birmingham, MI 48012-0058