UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. AMELIA (NEAL) JERMANO,

    Plaintiff,

vs.                                                 Case No. 11-10739

OFFICER TROY TAYLOR, et al,              HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 66)**
**AND**
**GRANTING DEFENDANTS CITY OF TROY POLICE DEPARTMENT, OFFICER SCOTT La MITZA, OFFICER EDWIN JULIAN, OFFICER TIMOTHY GARCHER and DAVID CANNON'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. 24)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 67)**
**AND**
**GRANTING DEFENDANT MICHAEL McCARTHY's MOTION TO DISMISS (Doc. 30) AND GRANTING DEFENDANTS MICHAEL KROHNER AND DEAN ELDON'S MOTION TO DISMISS (Doc. 33)**

**I. Introduction**

    This is a civil rights case. Plaintiff filed a pro se civil complaint on February 23, 2011, naming 48 defendants in 25 counts, including members of the Oak Park and Troy, Michigan police departments. The second amended complaint, filed April 29, 2011, pertains to the alleged actions by various police officers and agencies, and a state criminal action against her for violating a PPO and aggravated stalking. She makes claims for violations of her constitutional rights under 42 U.S.C. §§ 1983, 1985 and 1986, violations of various federal criminal statutes and a number of state law

claims.

The matter has been referred to a magistrate judge for pretrial proceedings. The various defendants have filed dispositive motions. Three motions are presently before the Court, which are the subject of two reports and recommendations by the magistrate judge. As will be explained, the first report and recommendation pertains to a motion to dismiss or for summary judgment by defendants from the City of Troy. The second report and recommendation pertains to motions filed by plaintiff's court appointed attorneys.

Defendants City of Troy Police Department, Troy Police Officers Scott La Mitza, Edwin Julian, and Timothy Garcher and City of Troy Civil Service Commission member David Cannon filed a motion to dismiss or for summary judgment. (Doc. 24). The magistrate judge issued a report and recommendation (MJRR) that the motion be granted. (Doc. 67) Plaintiff has objected (Doc. 73). Defendants filed a response to the objections. (Doc. 76).

Plaintiff's court-appointed attorney, Michael McCarthy filed a motion to dismiss (Doc. 30). Plaintiff's other court-appointed attorneys, Martin Krohner and Dean Eldon, (Doc. 33) also filed a motion to dismiss. The magistrate judge issued a MJRR recommending that both motions be granted. (Doc. 67). Plaintiff has objected. (Doc. 75).

## II. Background

Both MJRRs set forth the background leading up to the filing of the complaint, some of which is repeated below. Plaintiff's claims stem from January 21, 2009, when defendant Anna Magner, plaintiff's former psychological counselor, petitioned for a PPO

on the basis that plaintiff had been calling her 15 times a day at work, and 50 to 60 times on her cell phone, threatening bodily harm and destruction of Magner's career. Between April, 2008 and January, 2009, Magner contacted the police 13 times regarding alleged violations of the PPO.

On February 20, 2009 while driving through Troy, Michigan, plaintiff was arrested following a traffic stop, based on an outstanding warrant for violating the PPO. Following the February 20, 2009 arrest, plaintiff was detained at the Oakland County Jail for 228 days before the aggravated stalking charges were dismissed.

### III. Review of MJRR

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a

district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### IV. Motion to Dismiss or for Summary Judgment by City of Troy Police Department and Troy police officers La Mitza, Julian, and Garcher and Troy Civil Service Commission Member Cannon

#### A.  Background

Plaintiff's claims against the Troy Police Department and Troy police officers and member of the civil service commission (The Troy defendants) are described as follows: Plaintiff alleges that on February 20, 2009 while driving through the City of Troy, defendant Troy police officers conducted a "pretext" traffic stop on the purported basis that she had an "object" hanging from the rearview mirror of her car.  Upon being stopped, plaintiff provided her driver's license, proof of insurance, and car registration to LaMilza.  During the course of the stop a second and third patrol car arrived at the scene.  After several minutes, LaMilza returned to plaintiff's car, informing her that she was under arrest for an outstanding warrant for violating an ex-parte PPO.  Officers then searched and impounded plaintiff's car.

Plaintiff says she was placed in a patrol car and taken for a 15-minute "joy ride" before arriving at the Troy Police station although the station was only a three-minute drive from the scene of the arrest.  Upon arriving at the police station, plaintiff's requests to see the outstanding warrants "were met with homophobic mockery only."  She states that she was threatened with electrical shock treatment and told that she would be "stripped naked, handcuffed[] and sit on a chair with a dunce cap on" if she refused to cooperate.  Plaintiff states that the arrest report shows "homophobic

4

prejudice" by describing her a "clean shaven." She requests monetary damages against the Troy defendants.

The Troy defendants filed a motion to dismiss or for summary judgment.

### B. The MJRR and Plaintiff's Objections

The magistrate judge recommends that the motion be granted on the grounds that (1) none of the criminal statutes plaintiff relies upon for her claims contain private cause of action, (2) plaintiff as a private citizen has no authority to bring a criminal prosecution, (3) plaintiff has not alleged a conspiracy, (4) plaintiff has not alleged any involvement of Cannon, (5) plaintiff has failed to state a plausible federal or state claim against any of the Troy police officers, (6) the Troy Police Department is not a proper party and even construing the allegations against the City of Troy, plaintiff has failed to state a plausible claim for relief, and (7) claims against the Troy defendants in their official capacity are subject to dismissal under the Eleventh Amendment.

Plaintiff's objections fail to convince the Court that the magistrate judge erred. Plaintiff essentially repeats the arguments considered and rejected by the magistrate judge. Defendants, in their response to plaintiff's objections, further explain why her objections do not carry the day. As carefully detailed in the MJRR, plaintiff has not stated a viable claim under state or federal law against any of the Troy defendants.

### V. Motions to Dismiss by McCarthy, Krohner, and Eldon

### A. Background

These motions to dismiss were brought by plaintiff's three court-appointed attorneys, McCarthy, Krohner, and Eldon.

As to Krohner, he was appointed as counsel for plaintiff on February 27, 2009. On March 3, 2009, Krohner unsuccessfully petitioned for a reduction of bond, which had been set at $500,000 on the charge of aggravated stalking.

On March 19, 2009, Krohner represented plaintiff at her preliminary examination and again unsuccessfully petitioned for a bond reduction. Krohner later unsuccessfully requested bond reductions. He also filed motions for the appointment of an investigator, a preexamination transcript, two motions to quash, and a motion for dismissal/evidentiary hearing.

In the motion to dismiss, Krohner argued that the January, 2009 PPO was not properly served. Krohner withdrew as plaintiff's counsel on June 10, 2009.

McCarthy was appointed as plaintiff's counsel on June 11, 2009. In response to Krohner's motion to dismiss, the prosecutor offered to allow plaintiff to plead to a misdemeanor stalking charge with a sentence of time served.

On July 4, 2009, McCarthy met with plaintiff, advising her to take the plea offer, noting that the prosecutor had stated her intention to re-charge her with aggravated stalking on the basis that she had made "credible" threats against Magner. Plaintiff alleges that during the meeting, plaintiff discharged McCarthy, telling him that she wanted to represent herself.

However, in a hearing on July 6, 2009, McCarthy appeared on behalf of plaintiff. He noted that the prosecutor intended to recharge plaintiff. He also advised the state district court that based on his recent discussions with plaintiff, he was not sure whether she was competent to stand trial. The state district court, noting the receipt of plaintiff's numerous letters to himself and the chief judge, ordered a forensic exam on July 9,

6

2009. Plaintiff was later found competent.

On October 6, 2009, McCarthy successfully requested that plaintiff's bond be reduced to $5,000 upon remand to district court. He later appeared in court on her behalf and filed a motion to recuse the state district court judge. On January 8, 2010, plaintiff filed a motion to terminate McCarthy, which was granted on February 3, 2010.

Eldon represented plaintiff in a separate case in Oakland County Circuit Court Family Division for violating the PPO. He represented plaintiff at her March 6, 2009 arraignment at which bond was set at $100,000. Scheduled show cause hearings were adjourned as a result of the pending aggravated stalking case. In the meantime, the court dismissed the show cause order on June 10, 2009 after the prosecutor acknowledged that the PPO had been improperly served. Eldon confirmed that the bond was cancelled in the PPO case.

Plaintiff requests monetary damages against all of these defendants.

Defendant McCarthy filed a motion to dismiss. Defendants Krohner and Eldon filed a joint motion to dismiss.

### B. The MJRR and Plaintiff's Objections

The magistrate judge recommends that the motions to dismiss be granted. First, the magistrate judge correctly notes that none of these defendants are subject to suit under § 1983 as they are not state actors or acting under color of state law. Second, claims based on violation of criminal statutes are not actionable in a case by a private citizen. Finally, the magistrate judge finds that the record, including plaintiff's own exhibits, fails to show that any of her court-appointed attorneys engaged in malpractice. To the contrary, the record shows all three attorneys gave competent representation,

despite plaintiff's allegations of disappointment.

Nothing in plaintiff's objections demonstrate that the magistrate judge's analysis is incorrect. At best, plaintiff details her dissatisfaction with defendants' representation. None of her allegations rise to the level of legal malpractice, as the magistrate judge fully explained in the MJRR.

## VI. Conclusion

For the reasons stated above, the MJRR on the Troy defendants' motion is ADOPTED as the findings and conclusions of the Court, as supplemented above. The Troy defendants' motion to dismiss or for summary judgment is GRANTED.

Additionally, the MJRR regarding the motions to dismiss by plaintiff's court-appointed attorneys is ADOPTED as the findings and conclusions of the Court, as supplemented above. McCarthy's motion to dismiss is GRANTED. Krohner and Eldons' motion to dismiss is GRANTED.

Plaintiff's claims against the following defendants[1] are DISMISSED WITH PREJUDICE:

- The City of Troy Police Department

- Scott La Mitza

- Edwin Julian

- Timothy Garcher

- David Cannon

- Michael McCarthy

---

[1] Other defendants have dispositive motions pending before the magistrate judge. The case continues before those defendants.

- Martin Krohner

- Dean Eldon

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: April 4, 2012

I hereby certify that a copy of the foregoing document was mailed to M. Amelia (Neal) Jermano, P.O. Box 58, Birmingham, MI 48012 and the attorneys of record on this date, April 4, 2012, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160