UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. AMELIA (NEAL) JERMANO,

    Plaintiff,

vs.                                                                                                             Case No. 11-10739

OFFICER TROY TAYLOR, et al,                                  HON. AVERN COHN

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 81)

I.

This is a civil rights case. Plaintiff filed a pro se civil complaint on February 23, 2011, naming 48 defendants in 25 counts, including members of the Oak Park and Troy, Michigan police departments. The second amended complaint pertains to the alleged actions by various police officers and agencies, and a state criminal action against her for violating a PPO and aggravated stalking. Plaintiff makes claims for violations of her constitutional rights under 42 U.S.C. §§ 1983, 1985 and 1986, violations of various federal criminal statutes and a number of state law claims.

The matter was referred to a magistrate judge for pretrial proceedings. Several defendants filed dispositive motions. First, defendants City of Troy Police Department, Troy Police Officers Scott La Mitza, Edwin Julian, and Timothy Garcher and City of Troy Civil Service Commission member David Cannon (the Troy defendants) filed a motion to dismiss or for summary judgment. (Doc. 24). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 67)

Plaintiff objected (Doc. 73). The Troy defendants filed a response to the objections. (Doc. 76).

Second, plaintiff's court-appointed attorney, Michael McCarthy filed a motion to dismiss (Doc. 30). Finally, plaintiff's other court-appointed attorneys, Martin Krohner and Dean Eldon, (Doc. 33) also filed a motion to dismiss. The magistrate judge issued a MJRR recommending that both motions be granted. (Doc. 67). Plaintiff objected. (Doc. 75).

The Court overruled plaintiff's objections, adopted both MJRRs, granted the defendants' summary judgment motions, and dismissed those defendants from the case. (Doc. 79). Before the Court is plaintiff's motion for reconsideration of both summary judgment motions.

II.

Motions for reconsideration are governed by E.D. Mich LR 7.1(h)(3), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff has not satisfied this standard. Rather, plaintiff's motion essentially repeats the arguments considered and rejected by the magistrate judge. As the magistrate judge fully explained, plaintiff has not stated a viable claim under state or federal law against any of the Troy defendants.

Regarding plaintiff's count-appointed attorneys, none of these defendants are subject to suit under § 1983 because they are not state actors or acting under color of state law.  Second, any claims based on violation of criminal statutes are not actionable in a case by a private citizen.  Finally, plaintiff failed to come forward with any evidence to create a genuine issue of material fact as to whether any of her court-appointed attorneys engaged in malpractice.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 4, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160