UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. AMELIA (NEAL) JERMANO,          Case No. 11-10739

          Plaintiff,                District Judge Avern Cohn

v.                         Magistrate Judge R. Steven Whalen

TROY TAYLOR, ET AL.,

          Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendants Christopher Jahnke and City of Royal Oak's *Motion for Judgment on the Pleadings* [Dock. #49] filed September 19, 2011, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing these Defendants WITH PREJUDICE.

## I. BACKGROUND

Plaintiff filed a *pro se* civil complaint on February 23, 2011, naming 48 Defendants in 25 counts, including members of the Oak Park and Troy, Michigan police departments. Her second amended complaint, filed April 29, 2011, pertains to the alleged actions of various police officers and agencies, and a state criminal action against her for violating a PPO and aggravated stalking. She alleges violations of her constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, violations of various federal criminal statutes and a number of state law claims. *Docket #11.*

On January 21, 2009, Defendant Anna Magner, Plaintiff's former psychological counselor, petitioned for a PPO on the basis that Plaintiff had been calling her 15 times a day

-1-

at work, and 50 to 60 times on her cell phone, threatening bodily harm and destruction of her career. *Docket #11-2,* pg. 15-16. Between April, 2008 and January, 2009, Defendant Magner contacted the Oak Park, Michigan Police Department 13 times as a result of Plaintiff's harassment. *Docket #11-1,* pg. 37 of 50. Plaintiff alleges that on February 20, 2009 while driving through Troy, Michigan, she was arrested following a traffic stop, based on an outstanding warrant for violating the PPO. *Second Amended Complaint* at ¶105. Following the February 20, 2009 arrest, Plaintiff was detained at the Oakland County Jail for 228 days before the aggravated stalking charges were dismissed. *Id.* at ¶177(p).

Plaintiff's claims against present Defendants Christopher Jahnke ("Jahnke") (Royal Oak Chief of Police) and the Royal Oak Police Department ("Royal Oak") pertain to an investigation into whether Plaintiff violated the PPO by ordering a large quantity of flowers from a Royal Oak flower shop to be delivered to Magner on February 14, 2009. Plaintiff's factual allegations regarding the Royal Oak Police Department are limited to the following:

> Defendant Officer Taylor (A.K.A Ginopolis) [an Oak Park police officer] creates the *ninth* in a series of contradictory and unsubstantiated Oak Park PD 'reports' [Ref Rpt. #09-732.2 - on February 16, 2009, to wit, (a) Royal Oak Police Detective Duncan reportedly accompanied Defendant Officer Taylor . . . to investigate the flower shop in Royal Oak, whose delivery caused the Plaintiff Jermano's PPO violation, yet investigation of Royal Oak PD revealed Duncan was retired. . . . (c) Officer Taylor . . . and Detective Duncan continue asserting the baseless charges of PPO violation against the Plaintiff Jermano anyway. *Second Amended Complaint,* ¶140.

Plaintiff alleges that the charges brought against her for violating the PPO violation were animated by anti-homosexual bias. *Id.* ¶140(e).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).   Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."   In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)).   Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

## III. ANALYSIS

Present Defendants Christopher Jahnke, current Royal Oak Police Chief, and the City of Royal Oak Police Department present a number of arguments for dismissal.

Plaintiff appears to have conceded that no officer by the name of Duncan was working for the Royal Oak Police Department at the time of the PPO investigation. *Second Amended Complaint,* ¶140. Her original response to the present motion states that claims against present Defendants are based on Count IV (detention and confinement), VII (a supervisory claim of refusing or neglecting to prevent), XVIII (negligent infliction of emotional distress), and XXIII (violations of the Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act of 2009) of the *Second Amended Complaint. Plaintiff's Response, Docket #52,* 6 (citing *Docket #11*).

Viewed in their most favorable light, factual allegations against individual Royal Oak police officers are limited to allegations that an officer "Duncan" assisted in the investigation leading to the issuance of a warrant for the arrest of Plaintiff. However, present Defendants note that at the time of the events in question, the Royal Oak Police Department did not employ an individual by the name of Duncan. *Defendants' Brief* at 12. They note that Plaintiff conceded as much by stating she had determined that Duncan was "retired" at the time of the investigation at the Royal Oak flower shop. *Second Amended Complaint,* ¶140(a). *Plaintiff's Amended Response* to the present motion includes a report by Oak Park Police report stating the a "Detective Duncan" interviewed the flower shop clerk who allegedly took Plaintiff's order for flowers to be sent to Magner. *Docket #54,* pg. 40 of 49. However, nothing in the report suggests that Duncan worked for the Royal Oak Police Department and in fact, the Oak Park Police Department form used to create the report states

only that the flower store in question was located Royal Oak.  *Id.*

Plaintiff also relies on the February 20, 2009 arrest report by a former defendant Troy Police Department officer, stating that he arrested Plaintiff after being advised of "RO's felony warrant."[1]  *Id.* at pg. 39 of 49.  However, the preceding paragraph in the same report refers to the warrant for aggravated stalking as an "Oak Park" warrant.  As established by Plaintiff's own exhibits, the warrant at issue in this case came out of Oak Park, not Royal Oak.  There is no serious question that the Troy officer (after stating correctly in the first paragraph of his arrest report that the warrant was issued by the Oak Park Police Department) erroneously referred to a "RO" warrant in the second, evidently confusing "Oak Park" with "Royal Oak."  *Id.*

## A.  Constitutional Claims

Even assuming that "Duncan's" interview of the flower shop clerk could be imputed to a Royal Oak police officer, his actions, either as laid out in the Oak Park report or Plaintiff's conclusory allegations, do not constitute plausible claims of constitutional violations.  Plaintiff asserts that Magner's statement to police that the flower delivery was made to her on February 14, 2009 contradicts the flower store receipt indicating that the delivery was made on February 15, 2009. *Plaintiff's Amended Response,* 7 of 49; *Second Amended Complaint, ¶¶139-140.*   Plaintiff contends, in effect, that present Defendants would have had access to the flower store receipt showing a delivery date of February 15.  She seems to argue that the supposed discrepancy between  Magner's statement that she received the flowers on February 14 and the "true" delivery date of February 15 as "proved" by the receipt, shows that present Defendants, as well as Magner and Oak Park police

---

[1]"RO" is presumably an abbreviation of Royal Oak.

officers, somehow conspired to provide false information to be used in an arrest warrant against her.  *Id.* at 18 of 49.

However, contrary to this contention, the receipt indicates that the flowers were given to a driver for delivery on February 14, 2009 ("Trip 164801") and that the order in question was "Stop 54" *Id.* at 38 of 49.  A February 15, 2009 notation to the receipt does not indicate that the delivery was made on that day but rather, indicates that a delivery had been completed the day before, stating that the delivery , Stop 54, had been made on Trip 164801. *Id.*  The fact that Magner's account of the delivery is confirmed, rather than refuted, by the receipt defeats Plaintiff's apparent theory that the Royal Oak Defendants knowingly assisted in providing false information to used in an arrest warrant.  Because Plaintiff cannot show a constitutional violation by "Duncan," or another Royal Oak officer, claims against an individual officer would also be barred by qualified immunity.  *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) ( *citing Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Having failed to state a viable claim against any Royal Oak police officer, Plaintiff's allegations against Defendants Jahnke and the Royal Oak Police Department must be dismissed. Plaintiff alleges that Jahnke, acting Royal Oak Chief of Police at the time of the incident, is vicariously responsible for the Royal Oak officer's violation of her constitutional rights.  However, because Plaintiff has failed to allege an underlying constitutional violation by a Royal Oak officer, supervisory liability claims cannot be maintained against Jahke. *McQueen v. Beecher Community Schools,* 433 F.3d 460, 471 (6th Cir.2006).

Plaintiff's constitutional claims against Defendant Royal Oak Police Department are similarly problematic.  First, a municipal police department, which is simply an agency of the municipality, is not the proper party in interest in a tort action; rather, the municipality

-6-

itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 992, fn. 1 (6th Cir.1994)("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D.Mich.1980)(holding that a police department "is merely a creature of the City, the real party in interest"); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994).  Further, even assuming that Plaintiff's had properly directed her claims against the City of Royal Oak, the absence of a constitutional violation would foreclose municipal liability.   "If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th Cir. 2001)(citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)).

## B.  Remaining Claims

Plaintiff's remaining claims of state and federal law violations against present Defendants are also dismissible.  Count IV (detention and confinement) is construed as a claim of false arrest.  To make out a claim of false arrest or false imprisonment, "the plaintiff must show that the arrest was not legal, *i.e.,* that it was made without probable cause." *Tope v.Howe,* 179 Mich.App. 91, 105, 445 N.W.2d 452 (1989). "False arrest or imprisonment is arrest or imprisonment (1) of a person (2) who is innocent of the charge on which he is arrested (3) by the defendant or at his instigation [and] (4) without legal justification." *Lewis v. Farmer Jack Div. Inc.,* 415 Mich. 212, 232, 327 N.W.2d 893, 901 (1982).

Plaintiff's failure to name a Royal Oak officer involved in the investigation leading up to her arrest defeats this claim.  Defendants also point out that Plaintiff was arrested pursuant to a valid warrant and as such, probable cause existed.  To be sure, Plaintiff's allegation that Defendants deliberately supplied false information in support of the warrant

suggests a question of whether probable cause existed. According to her theory of the case, the Royal Oak officer assisted in the investigation leading up to the issuance of a warrant was aware that Magner's account of the flower delivery was false. However, she provides no factual basis for allegations that one of the Royal Oak Defendants provided false information in support of the arrest warrant. As set forth above, the receipt provided to the investigating officers, confirmed, rather than refuted the complaining witness's account of events. Moreover, the eventual dismissal of the charges against Plaintiff was premised on question of whether she was properly served with the January 21, 2009 PPO, not whether there was probable cause for the underlying violation. She does not allege that present Defendants were involved in the petition for or service of the PPO. She provides no factual allegations suggesting that the Royal Oak Defendants were aware of the defects in the service of the PPO when allegedly assisting in the investigation the following month.[2]

While Count VII of the *Second Amended Complaint* also alleges that Defendants Jahnke and the City of Royal Oak are vicariously liable for the alleged violations of her rights by a Royal Oak officer, she has not made a plausible allegation that a Royal Oak officer was grossly negligent in assisting in the investigation. As such, the individual officer and the City of Royal Oak and would be entitled to governmental immunity under M.C.L.

---

[2]

For identical reasons, Plaintiff's abuse of process claims are dismissible against these Defendants. To recover pursuant to a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Bonner v. Chicago Title Ins. Co.,* 194 Mich.App. 462, 472–473, 487 N.W.2d 807, 812–813 (Mich.App.1992). "The ability to maintain the action does not depend either on the absence of probable cause for the initial proceeding or on its termination in favor of the abuse of process plaintiff." *Westmac, Inc. v. Smith,* 797 F.2d 313, 321 (6th Cir.1986); *Petersen v. Everett,* 2001 WL 1545897, *1 (Mich.App.2001); MCL 600.5805(10). Plaintiff has not made a plausible allegations that any of the Royal Oak Defendants acting improperly in assisting in the investigation of the PPO violation.

691.1407.  Defendant Jahnke is also entitled to absolute immunity from suit in his role as the highest ranking appointed official in the Royal Oak Police Department at the time of the events in question. *Payton v. City of Detroit,* 211 Mich.App. 375, 394, 536 N.W.2d 233, 242 (1995); M.C.L. 691. 1407(5).

Nor can Count XVIII (negligent infliction of emotional distress) be maintained. Recovery on the basis of  negligent infliction of emotional distress is available where "(1) the injury threatened or inflicted on the third person is a serious one, of a nature to cause severe mental disturbance to the plaintiff, (2) the shock results in actual physical harm, (3) the plaintiff is a member of the third person's immediate family, and (4) the plaintiff is present at the time of the accident or suffers shock fairly contemporaneous with the accident." *Taylor v. Kurapati,* 236 Mich.App. 315, 360, 600 N.W.2d 670, 693 (1999)(internal punctuation omitted).  Plaintiff does not allege that she witnessed a serious injury inflicted on another individual, much less that the individual was a member of her immediate family or that she herself suffered actual physical harm as a result of the trauma.

Finally, claims brought under the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act ("Hate Crimes Act"), 18 U.S.C. § 249(a)(2), a criminal statute, should be dismissed.  As a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.,* 108 Fed.Appx. 307, 308–309, 2004 WL 1859348, *2 (6th Cir.2004) (citing *Diamond v. Charles,* 476 U.S. 54, 64–65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986)).

## IV.   CONCLUSION

For these reasons, I recommend that the motion [Docket #49] be GRANTED,

dismissing these Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 30, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 30, 2012.

M Amelia (Neal) Jermano                         s/Johnetta M. Curry-Williams
PO Box 58                                       Case Manager
Birmingham, MI 48012-0058